MARINA SILVA y sus hijos SANTOS, JUANA, RAFAELA, RAMÓN, LIDIA, RAMONA y BIENVENIDO, de apellidos ROMÁN Y SILVA, demandantes y apelantes, *v.* LUCE & CÍA., S. EN C., demandada y apelada.

No. 5563. *Sometido:* Diciembre 16, 1932. *Resuelto:* Diciembre 22, 1932.

L. *Tormes García,* abogado de los apelantes; *Tous Soto & Zapater,*
abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión
del tribunal.

Alegan los demandantes en este caso que componen la
sucesión intestada de Bienvenido Román, quien en 17 de
septiembre de 1928 era un trabajador empleado por la de-
mandada, Luce & Cía., S. en C., destinado a la colonia cono-
cida por Hacienda Potala, propiedad de dicha demandada,
bajo la inmediata dirección del mayordomo de dicha colonia
Manuel Arroyo, y que entre otros actos el dicho finado tenía
que cortar yerba, picarla en un motor para alimentar el
ganado de la demandada y también hacer los mandados y
diligencias que dicho mayordomo le ordenara, teniendo que
trabajar todos los días de la semana desde las siete de la
mañana hasta las doce del día y desde la una hasta las seis
de la tarde; que en 17 de septiembre de 1928, mientras dicho
Bienvenido Román actuaba en su trabajo y mientras cami-
naba en un coche con dirección al pueblo de Juana Díaz desde
la Hacienda Potala, se volcó el coche, recibiendo allí y en-
tonces dicho Bienvenido Román lesiones y golpes que le
ocasionaron la muerte inmediatamente; que la demandada
tuvo inmediatamente conocimiento de estos hechos y desde
entonces los demandantes comenzaron a hacer gestiones cerca
de dicha demandada para que reportara el caso a la Comi-
sión Industrial, creada por la Ley número 85 de 1928 (p. 631),
ya que dicha demandada Luce & Cía., S. en C., era entonces y
ha sido desde que dicha ley fué aprobada, su propio asegu-

rador para sus trabajadores, y dicha Luce & Cía., S. en C., definitivamente en 3 de enero de 1929, negó toda su responsabilidad en relación al accidente que causó la muerte a dicho obrero Bienvenido Román, viéndose en esta forma y por esa negativa de la demandada privados los demandantes de recibir la compensación que les corresponde y que la Comisión Industrial venía obligada a asignarles a dichos demandantes de acuerdo con lo prescrito por la Ley No. 85 de 1928, ya que los mismos dependían para su subsistencia exclusivamente del jornal que dicho Bienvenido Román ganaba en su trabajo de la demandada, o sea siete dólares semanales; que dicho Bienvenido Román era un hombre joven, de 40 años de edad más o menos, sano, fuerte, saludable y trabajaba constantemente, y que los demandantes tienen derecho a una compensación no menor de tres mil dólares, de los cuales han sido privados por los actos de la demandada, no habiendo ésta compensado a dichos demandantes en ninguna forma; que con motivo de la negativa de la demandada a reportar la muerte y el accidente que se la causó a Bienvenido Román a la Comisión Industrial, expresando la verdad de los hechos tal y cómo el accidente ocurrió, los demandantes desde la muerte de Bienvenido Román han carecido de lo más indispensable para la subsistencia y sobre todo de alimentos y han sufrido necesidades y perjuicios de todas clases, sobre todo hambre y sufrimientos intensísimos y quebrantamientos en la salud de los mismos, los cuales sufrimientos y privaciones estiman los demandantes en la suma de cinco mil dólares.

La parte demandada excepcionó la demanda sobre la base de que la misma no aduce hechos suficientes para constituir una causa de acción. La corte inferior declaró con lugar la excepción previa, concedió a los demandantes diez días para enmendar su demanda en caso de que fuere posible, y a solicitud de dichos demandantes dictó sentencia declarando sin lugar la demanda en todas sus partes por no aducir hechos suficientes que constituyan una causa de acción. Los

demandantes interpusieron recurso de apelación, alegando que la corte inferior cometió error al declarar con lugar la excepción previa y añadiendo que la sentencia es contraria a derecho.

 Las alegaciones de la demanda demuestran claramente que los demandantes no pretenden obtener indemnización porque el accidente que ocasionó la muerte de su causante Bienvenido Román se debiera a la negligencia de la demandada. No se alega en la demanda, ni directa ni indirectamente, que el coche en que viajaba el referido Bienvenido Román se volcara como consecuencia de un acto negligente de la demandada. Los demandantes basan su acción en que la parte demandada dejó de cumplir con el deber que le impone el artículo 22 de la Ley No. 85 de 1928 (p. 631), según el cual, dentro de cinco días después de ocurrido el accidente, deberá el patrono presentar un informe escrito a la Comisión Industrial, en blancos suministrados por aquélla. Los demandantes entienden que tienen derecho a una compensación no menor de $3,000 y que han sido privados de esta compensación por los actos de la demandada. También estiman en $5,000 los sufrimientos y privaciones a que se han visto sometidos con motivo de la negativa de la demandada a informar a la Comisión Industrial del accidente que ocasionó la muerte a Bienvenido Román. En su alegato arguyen los demandantes que la demandada faltó a su deber, y que es responsable civilmente de sus actos negligentes y descuidados, maliciosos y temerarios. La ley en vigor cuando ocurrió el accidente que culminó en la muerte de Bienvenido Román, no prohibe al empleado, o en caso de su muerte a sus herederos, informar a la Comisión Industrial del accidente, cuando lo crean conveniente y oportuno. No surge de la demanda que los demandantes practicaran gestión alguna en ese sentido, de todo lo cual se deduce que si la demandada faltó al cumplimiento de un deber, también fueron negligentes los demandantes al no tomar la iniciativa para informar de los hechos a la Comisión Industrial.

La Comisión no necesita para actuar del informe del patrono, una vez penetrada de los hechos por cualquier otro conducto. La omisión de este deber por parte del patrono no puede privar a la Comisión de las facultades que le han sido concedidas por la ley. Lo que la ley requiere es que la Comisión se entere cuanto antes del accidente. Por eso impone al patrono el deber de rendir su informe a los cinco días y al médico a las cuarenta y ocho horas de ocurrido el accidente. Los derechos del obrero o sus herederos no pueden estar a merced de la voluntad del patrono, y no otra cosa resultaría si se sostuviese el criterio de que la Comisión no puede actuar porque el patrono dejó de cumplir con el deber de la notificación. Los demandantes en este caso no han estado impedidos de solicitar compensación ni de acercarse a la Comisión para comunicarle el accidente. Si esta Comisión no ha sido informada hasta hoy del referido accidente, culpa es también de los demandantes que no han practicado las diligencias debidas para llevar el caso al seno de dicha Comisión. No cometió error la corte inferior al resolver que la demanda no aduce hechos suficientes para determinar una causa de acción.

■ Además la demandada alega que la acción de daños y perjuicios está prescrita de acuerdo con el artículo 1869, inciso segundo, del Código Civil, toda vez que se alega que el accidente ocurrió en 17 de septiembre de 1928, y la demanda fué radicada en 10 de febrero de 1930, después de transcurrido el período de un año. Así es, en efecto, pues aun cuando los demandantes basan su acción no precisamente en el accidente mismo, sino en la omisión de un acto que la demandada debió ejecutar, la verdad es que la causa de acción, si existiera, estaría prescrita a contar de esta fecha y aun desde el 3 de enero de 1929, en que la demandada, según se alega en la demanda, negó definitivamente toda responsabilidad en relación con dicho accidente.

*Debe confirmarse la sentencia apelada.*