RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Sres. MANUEL LEÓN PARRA, Presidente, y F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, recurrida, y SUCN. DE RAFAEL DÍAZ ORTIZ, peticionaria ante la Comisión.

Núm. 159.—*Sometido:* Febrero 6, 1939. *Resuelto:* Mayo 16, 1939.

798

*Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar, Víctor J. Vidal González, Asesor Legal del Fondo del Estado y G. Atiles Moréu, Asesor Legal Auxiliar,* abogados del recurrente; *F. León Parra,* abogado de la recurrida; *Donald Dexter,* abogado de la Sucn. Díaz, peticionaria ante la Comisión Industrial.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Rafael Díaz Ortiz trabajaba como conductor o chófer de un *truck* perteneciente a Juan García, comerciante y patrono asegurado por el Fondo del Seguro del Estado. Además de hacer su trabajo de chófer, dicho empleado trabajaba ocasionalmente para su patrono, ayudando a los peones del *truck* a cargar, descargar y estibar la mercancía que él mismo transportaba. El 23 de septiembre de 1936, Rafael Díaz Ortiz falleció repentinamente en el almacén de Martínez Hnos. y Cía. inmediatamente después de haber realizado esfuerzos para descargar y estibar un número de barriles cuyo peso individual excedía de 300 libras.

Del récord ante nos aparece que en 24 de mayo de 1937 la sucesión del finado radicó ante la Comisión Industrial una petición de compensación; que la Comisión se negó a darle curso por entender que "el caso debe primeramente radicarse ante el Administrador y si fuere denegado por éste, entonces la Comisión podrá intervenir si fuere apelado"; que en 13 de junio de 1937 la Sucesión Díaz radicó una petición ante el Administrador del Fondo del Estado, haciendo constar en ella, por un error seguramente involuntario, que Díaz había fallecido el 23 de febrero de 1936; que la única acción tomada por el Administrador en relación con dicha petición fué la de dirigir una carta al abogado de la sucesión peticionaria el 16 de junio de 1937 informándole "que en nuestros archivos no aparece ningún caso de muerte radicado a nombre de este obrero"; y que cinco días después de recibir la comunicación del Administrador, el abogado de la peticionaria radicó su apelación ante la Comisión Industrial.

En el acto de la vista ante la Comisión, en 21 de diciembre, 1937, el abogado del Fondo del Estado hizo oposición a la continuación del procedimiento ante la Comisión alegando que nunca se presentó una petición formal al Fondo del Estado; que en la petición radicada en junio 3, 1937, solamente se mencionaba el nombre del obrero y el del patrono y la ocurrencia del accidente, sin hacer. una relación de lo sucedido ni hacer constar el sitio donde ocurrió el accidente; y que no habiendo hecho pronunciamiento alguno el Administrador del Fondo, no había nada de qué pudiera apelarse para ante la Comisión. La Comisión resolvió seguir conociendo del caso, oyó la prueba sometida por las partes y dictó una resolución, de la cual copiamos los siguientes pronunciamientos:

"La Comisión Industrial resolvió asumir jurisdicción en el caso y entrar en la vista del mismo por los siguientes fundamentos:

"1. Por creer que el Administrador del Fondo del Seguro del Estado debió proceder inmediatamente después de haber tenido noticia de la ocurrencia del accidente a practicar las investigaciones per-

tinentes a los efectos de esclarecer la verdad de los hechos, poniéndose en contacto ya con el patrono, ya con los beneficiarios, ya con el abogado de éstos.

"2. Por que al ser notificado por la Comisión Industrial que debía comparecer a la vista del caso el 21 de diciembre debió informar entonces a este organismo que el caso estaba bajo su consideración y estudio.

"3. Porque al comparecer a la vista pública con su prueba y habérsele dado amplia oportunidad de defender sus derechos no sufría perjuicio alguno.

"4. Que el hecho de que el patrono no informara el caso al asegurador, faltando al cumplimiento de su deber, no impide a los beneficiarios reclamar sus derechos ni al asegurador o a la Comisión Industrial actuar tan pronto tienen conocimiento de la ocurrencia de un accidente; *Silva* v. *Luce & Cía., S. en C.*, 44 D.P.R. 318.

"5. Porque la demora injustificada en la resolución de los casos lesiona los derechos de los obreros."

Y después de hacer un examen de la evidencia, la Comisión llegó a las siguientes conclusiones de hecho:

"(*a*) Que la labor a que se dedicaba diariamente Rafael Díaz Ortiz era a la de conductor de *truck*, o sea de *chauffeur*.

"(*b*) Que ocasionalmente cargaba, descarbaga y estibaba la mercancía que conducía ayudado por los peones del *truck*, pero que no era ésa su labor ordinaria.

"(*c*) Que el 23 de septiembre de 1936, en el curso del empleo y en el desempeño del mismo realizó un esfuerzo al descargar y estibar diez barriles cuyo peso excedía de 300 libras cada uno.

"(*d*) Que la opinión del perito médico del obrero es que aquel esfuerzo le produjo una congestión cerebral, que actuando sobre el nervio vago, paralizó el corazón y produjo la muerte.

"(*e*) Que la conclusión a que llegó el perito médico de la Sucn. del obrero no fué controvertida por el Administrador."

El Administrador recurrente basa su solicitud para la revisión y revocación de la resolución recurrida, en ocho señalamientos de error, los que pasamos a exponer y considerar.

■■ 1. Que la Comisión erró al considerar como válida la solicitud de compensación radicada por la sucesión peticionaria ante el Administrador.

El recurrente ataca la suficiencia de la petición porque en ella se fijó como fecha del accidente el 23 de febrero en vez del 23 de septiembre de 1936 y no se describió el accidente ni se alegó el sitio y la hora en que ocurrió la muerte del obrero.

La equivocación en cuanto a la fecha de la muerte carece de importancia y en nada podía perjudicar los derechos del Administrador del Fondo. Del récord elevado a esta corte aparece que tan pronto como la peticionaria radicó su petición original ante la Comisión, ésta se dirigió al Administrador del Fondo, por carta de 25 de mayo, 1937, solicitando se le enviara copia certificada de la resolución dictada por el Administrador en el caso del obrero Rafael Díaz Ortiz, patrono Juan García; y que el Administrador contestó el mismo día informando a la Comisión ''que en los archivos de esta Administración no aparece radicado el caso de muerte del obrero Rafael Díaz Ortiz, patrono Juan García, ocurrido en septiembre 23, 1936, a que se contrae su correspondencia.'' Es evidente que el Administrador del Fondo tenía conocimiento de la fecha exacta de la muerte del obrero, por lo menos desde el 25 de mayo de 1937, y antes de que se radicara ante él la petición de compensación.

No erró a nuestro juicio la Comisión al considerar como válida y suficiente la solicitud radicada ante el Administrador. En ella se informaba a dicho funcionario que un obrero llamado Rafael Díaz Ortiz había muerto como consecuencia y durante el curso de su trabajo para el patrono Juan García, quien estaba asegurado con el Fondo del Estado. Esos datos eran más que suficientes para que el Administrador, cuyo deber es no solamente el de defender el fondo contra reclamaciones injustas si que también el de emplearlo en el pronto pago de las que se ajusten a la ley, procediera sin dilación a investigar el caso.

■ 2. Que la Comisión erró al concluir que el Administrador no consideró la petición radicada ante él y no practicó investigación del caso.

Como excusa para su inacción alega el recurrente que la apelación interpuesta por la sucesión peticionaria, ocho días después de radicada su solicitud de compensación, colocó el caso fuera de la jurisdicción del Administrador del Fondo del Estado e hizo imposible la investigación.

La apelación para ante la Comisión Industrial fué radicada y notificada al Administrador el 21 de julio de 1937. En el escrito de apelación se informaba a la Comisión que:

"3. Que con fecha junio 3, 1937, la sucesión mencionada radicó la correspondiente reclamación ante el Administrador del Fondo del Estado y éste con fecha junio 16, 1937, denegó dicha reclamación por el motivo de no aparecer en sus archivos ningún caso de muerte a nombre del mencionado obrero."

No obstante haber sido informado de que su comunicación de 16 de junio de 1937, dirigida al abogado de la sucesión peticionaria, había sido interpretada por éste como un rechazo de plano de la petición de compensación, el Administrador recurrente, permaneció inactivo, sin explicar su posición a la Comisión, sin investigar y sin resolver el caso, desde el 21 de junio hasta el 21 de diciembre de 1937. La alegación del abogado del recurrente, hecha en el acto de la vista ante la Comisión, al efecto de que como una obligación de cortesía para la Comisión el Administrador tan pronto como tuvo aviso de la apelación suspendió toda clase de actividades oficiales sobre el caso, no justifica la inacción del Administrador. Éste, al enterarse de la justificada interpretación que se había dado a su carta, pudo y debió informar a la Comisión y al peticionario que el caso estaba aún pendiente de investigación y de resolución por el Administrador. Y seguramente la Comisión le hubiera dado amplia oportudad para poder cumplir los deberes que la ley le asigna.

No hubo error en la interpretación dada por la Comisión a la actitud del recurrente.

3. Que la Comisión erró al asumir jurisdicción en este caso y al resolverlo sin llenar los requisitos de ley.

El artículo 7 de la Ley de Compensaciones por Accidentes del Trabajo, aprobada en 18 de abril de 1935, en lo que es pertinente dice así:

"Artículo 7.—En el caso de que el Administrador del Fondo del Estado demorare por más de un mes, sin causa justificada, la decisión de un caso completo sometido a su consideración, el obrero o el patrono que sean partes necesarias en dicho caso, o cualquier parte interesada podrá recurrir en queja ante la Comisión Industrial y obtener una orden de dicha Comisión compeliendo al Administrador para que decida el caso; y si fuere necesario, la Comisión podrá también ordenar al Administrador que remita el expediente del caso a dicha Comisión con el objeto de asumir jurisdicción sobre el mismo y decidirlo; pero, antes de asumir jurisdicción en un caso y decidirlo, la Comisión dará al Administrador una oportunidad razonable para cerrar y decidir dicho caso."

Teniendo en cuenta los hechos anteriormente expuestos, las razones que tuvo la Comisión para asumir jurisdicción (supra) y que el espíritu y propósito de esta sabia y humana legislación es proveer un procedimiento rápido, eficaz y libre de tecnicismos injustificados, para que las personas que dependían de un obrero muerto en el curso de su trabajo puedan recibir cuanto antes sea posible el auxilio pecuniario que la ley les concede, tenemos que llegar a la conclusión de que la Comisión Industrial procedió correctamente. El Administrador del Fondo tuvo amplia y razonable oportunidad para conocer del caso. Si sostuviéramos lo contrario, como pretende el recurrente, nada ganaría con ello el Fondo del Estado; y los beneficiarios se verían obligados a continuar esperando la compensación a que tienen derecho y que necesitan para su subsistencia, después de haberla esperado, por causas de las que ellos no son responsables, por cerca de tres años.

■■ Los cinco señalamientos restantes presentan cuestiones de hecho no revisables por este tribunal. Hemos examinado detenidamente la evidencia sometida en apoyo de la reclamación y opinamos que ella es suficiente para sostener

todas y cada una de las conclusiones de hecho a que llegó la Comisión (supra).

El hecho de que el obrero en este caso padeciera de alguna enfermedad crónica—cosa que no se probó concluyentemente—que le hiciera más susceptible de sufrir una lesión que le ocasionara la muerte, no sería por sí solo suficiente para privar de compensación a sus beneficiarios. *Montaner, Administrador* v. *Comisión Industrial,* 54 D'.P.R. 121; *Sucn. París* v. *Comisión Industrial,* 52 D.P.R. 441; *Hill* v. *Gassner Co.,* 188 Atl. 382; *Clark* v. *Lehigh Valley R.R. Co.,* 264 Pa. 529, 107 Atl. 858; *Lackner* v. *Pierre,* 181 Atl. 845; *Samoskie* v. *Philadelphia & R. C. & Iron Co.,* 124 Atl. 471; y *Foster* v. *Borough of State College,* 189 Atl. 786.

*Se declara sin lugar el recurso y se confirma la resolución que dictó la Comisión Industrial en 18 de septiembre de 1938.*