Marcos Tomás Caneja y Marcos Tomás Piñán, recurrentes, *v.* Comisión Industrial de Puerto Rico, Etc., demandada; Ramón Montaner, Administrador del Fondo del Seguro del Estado y Sucesión del obrero Flor Carrillo, demandados.

Núm. 229.—*Sometido:* Diciembre 1, 1941. *Resuelto:* Febrero 4, 1942.

*Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de los recurrentes; *Ernesto Juan Fonfrías,* abogado de la Sucn. del obrero fallecido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Flor Carrillo falleció el 2 de mayo de 1940 al ser alcanzado por un derrumbe en la cantera en que trabajaba, propiedad de Marcos Tomás Caneja, pero explotada entonces por su hijo Marcos Tomás Piñán. El 16 del mismo mes, los hijos y la madre del obrero fenecido, representados por el abogado Sr. Fonfrías, radicaron en la Comisión Industrial un escrito interesando que se practicase una investigación a fin de determinar si el patrono se hallaba acogido a la Ley de Compensaciones por Accidentes del Trabajo y que se les indemnizase con arreglo a la misma. En el referido escrito se describe el patrono con el nombre de "Marcos Caneja". Como resultado de la investigación practicada por la Comisión Industrial, el Administrador Auxiliar del Fondo del Seguro del Estado informó que dicho patrono Marcos Caneja "no está asegurado, en violación de la ley." Se instituyó el correspondiente procedimiento en la Comisión Industrial de Puerto Rico, celebrándose el 29 de octubre de 1940 una vista pública a la cual

comparecieron los hijos y la madre del obrero, representados por el Lic. Fonfrías, el Sr. Marcos Tomás Caneja representado por el Lic. Luis E. Dubón, y el Sr. Marcos Tomás Piñán en persona. El 26 de enero de 1941 continuó la vista pública y el 25 de agosto siguiente se dictó resolución a favor de la sucesión del obrero, ordenando al Administrador del Fondo del Seguro del Estado que determinase la compensación procedente, más los gastos a los fines provistos en el artículo 15 de la citada ley. En dicha resolución se estimaron probados los siguientes hechos:

"1. Que Flor Carrillo era un obrero al servicio del patrono Marcos Tomás Piñán el día 2 de mayo de 1940.

"2. Que Flor Carrillo sufrió un accidente que le provino de un acto o función inherente a su trabajo y le ocurrió en el curso y como consecuencia del mismo y por el cual perdió la vida.

"3. Que el patrono Marcos Tomás Piñán no estaba asegurado en la forma provista en la Ley 45 de abril 18 de 1935 empleando más de cuatro obreros.

"4. Que Marcos Tomás Piñán era como un contratista independiente que explotaba las canteras de su padre don Marcos Tomás Caneja y que ninguno de los dos estaba asegurado con arreglo a las disposiciones de la Ley 45 de abril 18 de 1935, por lo cual la propiedad o bienes de don Marcos Tomás Caneja debe responder en este caso de la compensación y gastos.

"5. Que doña Eusebia Carrillo, madre del occiso, y los hijos de Flor Carrillo llamados Guillermina, Georgina y Cándido Carrillo dependían totalmente para su subsistencia de lo que ganaba Flor Carrillo al día de su muerte y son ellos los que tienen derecho a la compensación que provee la Ley 45 de abril 18 de 1935."

Solicitaron reconsideración los señores Marcos Tomás Caneja y Marcos Tomás Piñán, siéndoles denegada por resolución de 9 de septiembre de 1941, estableciendo entonces uno y otro el presente recurso de revisión en el que imputan a la Comisión Industrial de Puerto Rico cinco errores, a saber:

"1. La Comisión Industrial de Puerto Rico erró al resolver que entre Marcos Tomás Caneja y Marcos Tomás Piñán mediaban relaciones de patrono y contratista independiente.

"2. La Comisión Industrial de Puerto Rico erró al resolver que el obrero Flor Carrillo estaba, en el momento de ocurrir el accidente, trabajando para Marcos Tomás Piñán.

"3. La Comisión Industrial de Puerto Rico erró al resolver que de la prueba practicada surge que Eusebia Carrillo, madre, y Guillermina, Georgina y Cándido Carrillo, hijos, dependían totalmente para su subsistencia de lo que ganaba Flor Carrillo.

"4. La Comisión Industrial de Puerto Rico erró al resolver que la declaración del testigo Luis San Martín es inadmisible en evidencia, y por tanto erró al no haberla tomado en consideración al resolver este caso.

"5. La Comisión Industrial de Puerto Rico erró al resolver que los bienes de los recurrentes Marcos Tomás Caneja y Marcos Tomás Piñán deben responder de la compensación y gastos en este caso.''

██ Considerando el primer error, podemos asegurar que no existe evidencia alguna tendente a demostrar que entre Marcos Tomás Caneja y Marcos Tomás Piñán existía otra relación contractual que no sea la de arrendador y arrendatario. La única evidencia que hay sobre el particular es la declaración de Marcos Tomás Piñán, quien sostuvo que él explotaba esa cantera a virtud de cierto contrato de arrendamiento celebrado con su padre Marcos Tomás Caneja. Su declaración no fué contradicha en forma alguna y ni siquiera se le repreguntó sobre el particular. Siendo ello así, claro es que el arrendador Marcos Tomás Caneja, dueño de la cantera, no es responsable del accidente ocurrido a un obrero empleado por el arrendatario en la explotación de la misma.

Además, del récord de la vista pública celebrada el 14 de enero de 1941, aparece la sucesión del obrero, por su representación legal, Lic. Fonfrías, aceptando que el responsable por la muerte del obrero es Marcos Tomás Piñán y no su padre Marcos Tomás Caneja. Tomamos del récord:

"Lic. Fonfrías: ...Alega la sucesión del obrero Flor Carrillo que Marcos Tomás Piñán, que explota y dirige las canteras que son de su padre don Marcos Tomás Caneja, es el responsable de la muerte que se le ocasionara a dicho obrero.

"Lic. Dubón: No entendí la última manifestación del compañero.

"Lic. Fonfrías: Que la lea el taquígrafo...

(Se da lectura a las últimas manifestaciones expresadas por el Lic. Fonfrías.)

"Lic. Dubón: ¿Quién es el responsable? Quiero que se aclare bien eso en el récord. ¿A quién es que se hace responsable, a Marcos Tomás Piñán? Eso es lo que yo quiero aclarar.

"Lic. Fonfrías: '...que Marcos Tomás Piñán que explota y dirige las canteras que son de su padre don Marcos Tomás Caneja, es el responsable.'

"Lic. Dubón: ¿Entonces, que es Marcos Tomás Piñán?

"Lic. Fonfrías: Sí."

Pasemos a considerar el segundo de los errores señalados. Conforme resulta de la evidencia, el obrero Flor Carrillo hacía algún tiempo venía trabajando con Marcos Tomás Piñán en dicha cantera. El día del accidente el obrero se hallaba trabajando en ella y falleció con motivo de las lesiones recibidas al caerle encima un derrumbe.

De la prueba resulta que la piedra extraída por los obreros en la cantera era recibida por camiones que venían a buscarla para llevarla a un destino que no resulta de la evidencia y que al recibir la piedra el chófer del camión entregaba al obrero cuya piedra había tomado, un vale en el que aparecía la cantidad de ella recibida. El obrero guardaba todos los vales y el sábado siguiente los presentaba a Marcos Tomás Piñán, quien le pagaba por la extracción de la piedra recibida por los camiones a razón de $0.35 el metro cúbico. También resulta de la prueba que el obrero usaba las herramientas y la dinamita que gratuitamente le suministraba Marcos Tomás Piñán.

Sostienen los recurrentes que la relación existente entre el obrero y el arrendatario de la cantera no era la de patrono y empleado, sino la de contratista independiente, y presentaron evidencia tendente a demostrar que en ocasiones el obrero vendía la piedra directamente a los chóferes que venían a buscarla, recibiendo de éstos en vez de dinero, un vale por la cantidad vendida, vales que eran satisfechos por el Sr. Marcos Tomás Piñán el sábado siguiente luego de deducir de su mon-

tante la cantidad de $0.15 que alegan los recurrentes era lo que ellos cobraban por derecho de cantera.

Esta evidencia fué contradicha por testigos de la sucesión del obrero, y fué a estos últimos a quien la comisión dió crédito, y por consiguiente no podemos alterar la conclusión a que se llegara en la apreciación de la prueba, puesto que dicha conclusión está sostenida por evidencia.

El hecho de que los obreros no cobrasen un jornal diario por su trabajo, sino que la remuneración dependía de la piedra que ellos extraían, no convierte al obrero en un contratista independiente con relación al explotador de la cantera. A este efecto, véase Bradbury's *Workmen's Compensation,* 3ra. ed., pág. 143, y casos citados; *Washburn* v. *Bunce,* 4 N.E. (2d) 730; *Burchett* v. *Department of Labor & Industries,* 261 P. 802.

El tercero de los errores señalados sí existe. No se presentó evidencia alguna tendente a demostrar que la madre y los hijos del obrero en alguna forma dependiesen de él para su sostenimiento. Siendo la Ley de Compensaciones a Obreros una ley de dependencia y no de herencia, como se ha dicho repetidamente por este Tribunal, no tendría la sucesión del obrero derecho alguno a indemnización por la muerte de éste, a menos que se probase ese extremo, y era a ellos a quienes incumbía probarlo.

No erró la Comisión Industrial al no admitir en evidencia la declaración de Luis San Martín al efecto de que varios días antes del accidente que causó la muerte de Flor Carrillo éste le había manifestado que Marcos Tomás Piñán le había prohibido continuar trabajando en la cantera. Esa evidencia no es admisible, en primer término porque no es parte del *res gestae* ya que en nada se relaciona con la causa que produjo o forma en que sucedió el accidente, y en segundo lugar porque no constituye una admisión toda vez que el derecho de compensación que reclaman la madre e hijos de obrero no es un derecho que ellos heredan o derivan de aquél.

En otras palabras, no es un derecho que pertenecía al obrero y que él les haya trasmitido. Ese derecho lo concede la ley directamente a los beneficiarios por el hecho de depender del obrero para su sostenimiento. Por consiguiente, cualquier manifestación del obrero que pudiera perjudicar a los beneficiarios no es admisible en evidencia a menos que lo fuera por razón del *res gestæ* como antes hemos indicado. Véase por analogía la aplicación de esta regla en la monografía que aparece en 11 L.R.A. (N.S.) 92.

El quinto de los errores señalados se resuelve por lo que ya hemos dicho al considerar los anteriores. Habiendo sostenido que Marcos Tomás Caneja no es responsable por la muerte del obrero, claro es que sus bienes no pueden responder del accidente. En cambio, los de Marcos Tomás Piñán sí responden por no ser un patrono asegurado, puesto que se demostró que utilizaba más de cuatro obreros y no estaba asegurado en el Fondo del Seguro del Estado.

Considerando la naturaleza cuasi tutelar que tiene la Comisión Industrial para la investigación y resolución de los casos ante ella, y habida cuenta del espíritu que anima la Ley de Compensaciones a Obreros, que exige una interpretación liberal a fin de que se cumplan los benéficos propósitos que la inspiran, contribuiríamos a un verdadero fracaso de la justicia si por el hecho de que ya por inadvertencia o por error la representación de los beneficiarios no presentó prueba tendente a demostrar que ellos dependían del obrero para su sostenimiento, tuviésemos que privarles de la compensación a que legítimamente tendrían derecho si en efecto la relación de dependencia existiese. De ningún derecho sustancial se privaría al patrono si devolviésemos el caso a la Comisión Industrial para que en bien de la justicia se recibiese evidencia sobre ese extremo. Si como resultado de la misma se probase que la sucesión del obrero en realidad no dependenía de él para su sostenimiento, en buena hora exonérese al patrono de responsabilidad; pero si por el contrario resulta que en efecto ellos dependían del obrero para su sostenimiento,

se hará cumplida justicia reconociéndoles el derecho a compensación que les concede la ley.

Por lo expuesto, *procede revocar la resolución de la Comisión Industrial en lo que a Marcos Tomás Caneja respecta, dejarla sin efecto en cuanto a Marcos Tomás Piñán concierne, y devolver el caso a dicha Comisión para que reciba evidencia sobre la relación de dependencia que pudiera existir entre la sucesión del obrero y este último, y dicte entonces la resolución que corresponda de acuerdo con la ley y los hechos probados.*

El Juez Asociado Sr. Snyder no intervino.