TERESA RIVERA AVILÉS, lesionada occisa, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador recurrente.

Número: O-82-364        Resuelto: 20 de octubre de 1982

*Yusif Mafuz Blanco, José M. Fernández Luis* y *Hernán Cortés Torres,* abogados del recurrente; *Juan A. Hernández Rivera, María Santana* y *Francisco J. Hernández Rentas,* abogados de los recurridos.

PER CURIAM: Teresa Rivera Avilés, quien trabajaba para el Municipio de Bayamón, sufrió un accidente del trabajo el día 24 de noviembre de 1978. Falleció el día 29 de noviembre de 1980 —a la edad de 69 años— víctima de un infarto cerebral masivo. El Administrador del Fondo del Seguro del Estado fijó, *post mortem,* a la obrera una incapacidad de un 5% de las funciones fisiológïcas generales y le concedió un 15% de las funciones fisiológicas generales por una condición emocional.

Previa la investigación correspondiente, con fecha del 24 de septiembre de 1981 el referido Administrador emitió una decisión mediante la cual resolvió que la muerte de la lesionada se debió a causa ajena al accidente. Resolvió, en adición, que, a la fecha de su deceso, la obrera no había dejado persona alguna que dependiera de ella y que pudiera ser catalogada como beneficiaria de acuerdo con la Ley de Compensaciones por Accidentes del Trabajo.

Esta decisión fue apelada ante la Honorable Comisión Industrial de Puerto Rico, la cual celebró la correspondiente vista pública sobre el hecho de la dependencia y emitió una decisión mediante la cual confirmó la decisión rendida por el Administrador del Fondo del Seguro del Estado. Solicitada la reconsideración, la referida Comisión dejó sin efecto su resolución anterior y determinó que tanto la hija de la occisa, Clara Cuesta Rivera, como la hija de esta última, Zoel Fiel Rivera, dependían de la obrera al momento de su deceso. El Administrador del Fondo recurrió ante nos para revisar la anterior determinación. Mediante Resolución de fecha 30 de junio de 1982, concedimos a la parte recurrida el término de 15 días para que mostrara causa por la cual no debíamos expedir el auto y oportunamente revocar la Resolución en controversia. La parte recurrida ha comparecido en autos. Sus argumentos no nos convencen.

La prueba incontrovertida demuestra que, al momento de su accidente, la obrera vivía en una casa propiedad de su hija, en compañía de ésta y de su nieta; que al momento de sufrir el accidente del trabajo la obrera percibía la suma de $240 mensuales; que la hija, al momento de la muerte de su señora madre, tenía un sueldo de $635 mensuales; que la hija reclamó a su señora madre como dependiente, durante los tres años inmediatamente anteriores a la muerte de ésta, en sus planillas de contribución sobre ingresos; [1] y que la obrera ayudaba a su hija en los gastos del hogar que compartían.

Reiteradamente hemos resuelto que la Ley de Compensaciones por Accidentes del Trabajo es una de dependencia y no de herencia, y que, siendo así, corresponde a los

---

[1] La Ley de Contribuciones sobre Ingresos de 1954 —Ley Núm. 91 del 29 de junio de 1954— en su Sec. 25, Inciso (d) (1) (A), 13 L.P.R.A. sec. 3025 (d) (1) (A), establece que para que una de las personas que se enumeran en dicho artículo pueda ser reclamada por el contribuyente como dependiente *tiene que haber recibido,* durante el año a que se contrae la planilla radicada, *del referido contribuyente, más de la mitad de su sustento.* (Énfasis suplido.)

herederos del obrero fallecido probar que dependían de él para su subsistencia, *Tomás* v. *Comisión Industrial*, 59 D.P.R. 860 (1942); que el asunto de la dependencia es una cuestión de hechos a ser determinada por el juzgador, tomando en consideración todas las circunstancias que concurren en cada caso en particular, *Cepeda* v. *Comisión Industrial*, 76 D.P.R. 801 (1954); y que "[l]a compensación por accidente del trabajo es un remedio dirigido a aliviar la reducida capacidad productiva del obrero que sobrevive al accidente, o atender a la necesidad económica de sus dependientes cuando desaparece su proveedor. Los dineros provenientes de dicha compensación no son, por tanto, un bien patrimonial transmisible por reglas de herencia a herederos no dependientes. [Casos citados.] Por el propósito eminentemente social y remedial de la Ley, 11 L.P.R.A. sec. 1 y ss., en caso de no haber dependientes, los herederos no han de beneficiarse ni aun de los pagos por concepto de compensación y dietas ya vencidos y exigibles a la fecha en que muere el trabajador lesionado. . . . Dichos beneficios van dirigidos a suplir, con fondos públicos, deficiencias en el presupuesto familiar del trabajador o de aquellos que de él dependían y no a enriquecer el acervo privado de quienes nada necesitaban del obrero extinto. . .". *Alonso García* v. *Comisión Industrial*, 103 D.P.R. 183, 184 (1974).

En el caso que nos ocupa, la hija y la nieta no dependían para su subsistencia de la obrera, más bien, dicha obrera dependía de la hija; ello lo demuestra el hecho de que la hija la incluyó como dependiente en las planillas de contribución sobre ingresos en los años anteriores a su muerte. No hay duda de que ella como madre al fin, ayudaba con los gastos del hogar en que residía junto a su hija y su nieta; era justo que así lo hiciera, ya que compartía el diario vivir con ellas.

Entendemos, y así lo resolvemos, que el mero hecho de que una persona contribuya a pagar los gastos, en que tanto ella como las personas con quienes convive incurren, no significa, al amparo de la Ley de Compensaciones por Acci-

dentes del Trabajo, que dichas personas "dependan" de ella, máxime cuando su contribución al "fondo común" apenas es suficiente para cubrir los gastos de su propia subsistencia.

Por los fundamentos antes expuestos, *se expide el auto y se dictará sentencia que revoque la resolución emitida por la Hon. Comisión Industrial de Puerto Rico de fecha 10 de mayo de 1982.*