LUIS A. CAMACHO RODRÍGUEZ, lesionado y recurrente, *v.* FONDO DEL SEGURO DEL ESTADO, recurrido.

*Número:* CE-88-108    *Resuelto:* 30 de junio de 1988

*Leany Rodríguez Umpierre*, de *Manuel De Jesús Mangual & Asociados*, abogada del recurrente; *Enrique A. Martínez Madera*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Mediante resolución notificada el 22 de septiembre de 1987, la Comisión Industrial de Puerto Rico (Comisión) confirmó la decisión que emitiera el Administrador del Fondo del Seguro del Estado (Fondo) en el presente caso. En dicha decisión el Fondo había rechazado la contención de los ancianos padres del obrero fallecido a los efectos de que eran "dependientes" de éste a la luz de las disposiciones del Art. 3

de la Ley de Compensaciones por Accidentes del Trabajo,(1) 11 L.P.R.A. sec. 3.

Habiendo sido denegada por la Comisión la solicitud de reconsideración radicada por los mencionados peticionarios, éstos acudieron ante este Tribunal mediante la radicación del correspondiente recurso de revisión. Le imputaron al mencionado organismo administrativo la supuesta comisión de dos (2) errores, a saber:

A. Cometió grave error de derecho la Honorable Comisión Industrial al resolver que los padres del obrero occiso Doña Lucila Camacho de 67 años ama de casa y Don Antonio Camacho de 77 años de edad, incapacitado por la Administración del Seguro Social no eran dependientes del obrero occiso.

[B]. Cometió grave error de derecho la Honorable Comisión Industrial al aplicar una regla matemática e inflexible para la determinación de dependencia en contravención con el Artículo 3 de la Ley de Compensaciones por Accidentes del Trabajo y la jurisprudencia aplicable. Solicitud de revisión, pág. 4.

Originalmente nos negamos a expedir el auto solicitado.(2) Inconformes con dicha determinación, los recurrentes radicaron solicitud de reconsideración. Mediante resolución de 14 de abril de 1988, dejamos sin efecto la resolución denegatoria emitida y le concedimos término al Fondo para que mostrara causa por la cual no debíamos expedir el auto solicitado y dictar sentencia revocatoria de las resoluciones recurridas. Dicha parte ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

---

(1) Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1 *et seq.*

(2) Resolución de fecha 17 de marzo de 1988. Surge de la misma que el Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Negrón García hubieran expedido el auto solicitado, y que el Juez Asociado Señor Rebollo López no intervino en la consideración de la misma.

## I

El obrero accidentado, Luis Camacho Rodríguez, tenía veintinueve (29) años de edad a la fecha de la ocurrencia del accidente del trabajo —11 de abril de 1985— que le costó su vida. El padre y la madre del obrero accidentado contaban, a la fecha de la muerte de éste, con la edad de setenta y siete (77) y sesenta y siete (67) años de edad respectivamente. Ella, ama de casa, y él, incapacitado por la Administración del Seguro Social federal,[3] agencia de la cual recibían, él, la suma de $339 mensuales, y ella, la cantidad de $141 mensuales. *El occiso siempre vivió con sus padres,* ayudándolos económicamente desde la edad de los diez y sies (16) años, edad en que comenzó a trabajar.

La madre del occiso prestó testimonio oral a los efectos de que tanto su esposo como ella dependían en gran parte para su subsistencia de su hijo fallecido, presentando unas "cifras" demostrativas de que el occiso sufragaba el 50% de los gastos del hogar que compartían. La Comisión requirió de los recurrentes que presentaran las planillas de contribución sobre ingresos correspondientes a los últimos años de vida del obrero fallecido. Las referidas planillas no pudieron ser presentadas por éstos por razón de que el occiso no había rendido las mismas, según ello surge de certificación negativa expedida por el Departamento de Hacienda. Los recurrentes, sin embargo, sí presentaron copias de las planillas del occiso correspondientes a otros años,[4] de donde surge que éste reclamaba a sus padres como dependientes a los fines de la Ley de Contribuciones sobre Ingresos de Puerto Rico.

La Comisión —citando a *Rivera Avilés v. F. S. E.,* 113 D.P.R. 334 (1982)— resolvió que el obrero fallecido "no dejó

[3] Su incapacidad data desde el año de 1971.
[4] Años de 1972 y 1974.

dependientes para la fecha de su fallecimiento". Apéndice, pág. 11. Expresó, en lo pertinente, que "el mero hecho de que [el occiso] diera una cantidad semanal a su madre para los gastos, no convierte a ésta en dependiente del obrero fallecido". Íd.

## II

El citado Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo —en su apartado sobre Compensación en Caso de Muerte, incisos (5)(1) y (3)— dispone que:

### COMPENSACION EN CASO DE MUERTE

5. (1) Si como resultado del accidente sufrido en las condiciones especificadas en la sec. 2 de este título, ocurriere la muerte del obrero o empleado dentro de tres (3) años de ocurrido el accidente, y como consecuencia de éste, sin que el obrero o empleado dejare pariente alguno que de él dependiera para su subsistencia, el desembolso con motivo de esta muerte se limitará al pago de los gastos del funeral y tales gastos no serán mayores de la suma de trescientos (300) dólares, en adición a aquellos otros gastos de asistencia médica, hospitalización y medicinas en que se hubiere incurrido por orden del Administrador del Fondo del Seguro del Estado. Asimismo estos gastos serán pagaderos cuando ocurra la muerte del obrero o empleado por razón de enfermedad ocupacional compensable, siempre que ésta ocurriere dentro del término de tres (3) años desde la fecha en que se puso de manifiesto la incapacidad resultante, según se determinare a virtud de reclamación de parte interesada. Disponiéndose, que nada de lo anteriormente dispuesto se interpretará en el sentido de negar autoridad al Administrador del Fondo del Seguro del Estado para pagar los gastos de entierro en aquellos casos en que ocurriere la muerte de un obrero hospitalizado por cuenta del Fondo del Seguro del Estado, o en aquellos casos en que se practicase la autopsia de un obrero fallecido, después que dicho Administrador del Fondo del Seguro del Estado hubiere tomado jurisdicción sobre el caso para investigar la causa del accidente o de la muerte, independientemente de lo que finalmente se determinare con respecto a relación causal.

.    .    .    .    .    .    .    .

(3) El Administrador del Fondo del Seguro del Estado distribuirá la compensación entre los parientes antes mencionados *que dependieran total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte,* disponiéndose, que el Administrador observará las siguientes reglas para determinar los beneficiarios del obrero o empleado fallecido . . . . (Énfasis suplido.) 11 L.P.R.A. sec. 3(5)(1) y (3).

■ Referente a la controversia que plantea el presente recurso, hemos resuelto que: la Ley de Compensaciones por Accidentes del Trabajo es una de dependencia y no de herencia; esto es, que en caso de muerte de un obrero protegido por la referida ley, los beneficios económicos correspondientes no pasan automáticamente a determinadas personas por el mero hecho de ser éstos técnicamente sus herederos de acuerdo con las disposiciones del Código Civil de Puerto Rico; y que en vista de que la dependencia económica es el factor básico para determinar si una persona tiene derecho a compensación como "dependiente" del obrero fallecido, tal carácter no puede ser atribuido a nadie de antemano, siendo necesario que tal determinación se haga a base de las circunstancias de dependencia económica existentes en la familia del obrero al momento de su muerte. *Gallart Mendía v. González Marrero,* 95 D.P.R. 201, 206–207 (1967).

■ De conformidad con lo anteriormente expresado hemos resuelto, en adición, que corresponde a los reclamantes probar que dependían del obrero fallecido para su subsistencia, *Tomás v. Comisión Industrial,* 59 D.P.R. 860 (1942), y que el asunto de la dependencia es una cuestión de hecho a ser determinada por el juzgador —la Comisión en primera instancia— tomando en consideración todas las circunstancias que concurren en cada caso en particular. *Cepeda v. Comisión Industrial,* 76 D.P.R. 801, 807 (1954).

■ No debe perderse de vista, sin embargo, que la Ley de Compensaciones por Accidentes del Trabajo es una cuyo propósito es eminentemente social y reparador, *Alonso García v. Comisión Industrial*, 103 D.P.R. 183 (1974), y que dado el espíritu de justicia social que anima esta legislación, "la compensación que se paga al obrero o a sus beneficiarios *no es una limosna: es un derecho que la ley les reconoce* cuando en el curso de su trabajo y como consecuencia del mismo, sufren lesiones o se inutilizan, o pierden la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo. Inspírase la ley no sólo en ese *acto de justicia* al obrero y a los que de él dependen, *si que también en evitar que a la muerte del obrero puedan aquéllos quedar sin el necesario sustento . . .".* (Énfasis suplido.) *Montaner, Admor. v. Comisión Industrial*, 58 D.P.R. 267, 272–273 (1941).

■ Por otro lado, es enteramente correcto que en *Rivera Avilés v. F. S. E.*, ante —*decisión en que basó la Comisión su resolución denegatoria en el presente caso*— expresamos que "el mero hecho de que una persona contribuya a pagar los gastos, en que tanto ella como las personas con quienes convive incurren, no significa, al amparo de la Ley de Compensaciones por Accidentes del Trabajo, que dichas personas 'dependan' de ella, *máxime cuando su contribución al 'fondo común' apenas es suficiente para cubrir los gastos de su propia subsistencia".* (Énfasis suplido.) Íd., págs. 336–337.

La Comisión erró al aplicar *mecánicamente* lo resuelto en *Rivera Avilés v. F. S. E.*, ante, al presente caso. Los hechos de dicho caso —como surge de la faz de la citada decisión— son muy distintos a los del presente recurso. Allí la obrera fallecida, quien vivía en casa de su hija al momento de su deceso, percibía un salario de $240 mensuales, mientras que la reclamante, su hija, tenía un sueldo mucho mayor. En

adición, se demostró que la hija reclamaba a su madre como dependiente a los fines de la Ley de Contribuciones sobre Ingresos y la madre meramente contribuía con algún dinero a los gastos del hogar que compartían. Resolvimos, bajo esos hechos, que la hija no "dependía" de la madre fallecida a la luz de las disposiciones de la citada Ley de Compensaciones por Accidentes del Trabajo.

■ En el presente caso, por el contrario, la prueba es a la inversa. El ingreso del obrero fallecido era mayor que el de sus padres. Dicho occiso sufragaba, según el testimonio oral aducido por su señora madre, el 50% de los gastos del hogar. En adición tenemos que se presentó prueba a los efectos de que en varias planillas de contribución sobre ingresos rendidas por el occiso, éste reclamaba a su padres como dependientes de él. Es cierto que dichas planillas no eran de fecha reciente. Sin embargo, no es menos cierto que los padres reclamantes estaban imposibilitados de presentar éstas ya que el occiso no rindió las mismas. No se trata en esta situación —contrario al caso de *Rivera Avilés v. F. S. E.*, ante— de una persona que meramente contribuía a pagar los gastos en que incurrían tanto ella como las personas con quienes convivía, contribución que apenas era suficiente para cubrir los gastos de su propia subsistencia. Por el contrario, nos enfrentamos a una situación en que el obrero fallecido, cuando menos, contribuía con una cantidad de dinero sustancial al "fondo común" del núcleo familiar en que convivía. No debe pasarse por alto que el transcrito Art. 3 de la Ley de Compensaciones por Accidentes del Trabajo no requiere que dicha dependencia sea una total. *Establece que la misma puede ser parcial.*

En resumen, somos del criterio que la prueba aportada por los recurrentes a nivel de la Comisión estableció satisfactoriamente que ellos "dependían" del obrero fallecido a la

fecha de la muerte de éste por lo que tienen derecho a los beneficios que concede a esos efectos dicha ley.

*Se dictará sentencia de conformidad con lo antes expresado.*

La Juez Asociada Señora Naveira de Rodón concurre con el resultado sin opinión escrita.