FRANCISCO ARABÍA, demandante y apelado, *v.* ARGIMIRO LAGO, demandado y apelante.

No. 4825.—*Sometido:* Marzo 20, 1929. *Resuelto:* Diciembre 10, 1930.

*J. Valldejuli Rodríguez*, abogado del apelante; *M. García González*, abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este es un caso sobre daños y perjuicios reclamados con motivo de cierto accidente automovilístico. Resultó lesionada la señora Rafaela Santoni, esposa del demandante, quien "perdió el uso normal de su brazo derecho, quedando imposibilitada de rendir a la sociedad de gananciales la misma labor y utilidad que antes de sufrir el accidente." La acción se ejercitó de acuerdo con la jurisprudencia establecida en *Vázquez* v. *Valdés*, 28 D.P.R. 467, y *Vázquez* v. *Porto Rico Railway, Light & Power Co.*, 35 D.P.R. 63.

Se alegó por el demandante que el choque se debió a la negligencia del demandado al darle alcance y pasarle el 23 de enero de 1927 en la carretera que conduce de Toa Alta a Bayamón. El demandado excepcionó la demanda por ambigua y por falta de hechos. La excepción fué declarada sin lugar. Entonces contestó negando general y específicamente todos y cada uno de los hechos de la demanda y alegando como defensa "que si hubo el choque a que se refiere la demanda, ocurrió exclusivamente por negligencia del demandante quien caminaba en los momentos del accidente a una velocidad mayor de cuarenta millas por hora, y por su izquierda, sin tocar ningún aparato de alarma."

La contestación tiene fecha 2 de diciembre de 1927. El 23 de mayo de 1928 el demandado pidió permiso para radicar una contestación enmendada. Le fué concedido. La contestación enmendada niega general y específicamente los hechos de la demanda y como defensas especiales alega:

"Primera: Que si en el sitio, fecha y hora que se refieren en la demanda ocurrió un choque entre un automóvil Hudson, y un automóvil packard, licencia No. 3333, dicho choque no ocurrió por negligencia o descuido del demandado ni pudo éste evitarlo.

"Segundo: Que si en el sitio, fecha y hora que se refieren en la demanda ocurrió un choque entre un automóvil Hudson y un automóvil packard, licencia No. 3333, dicho choque ocurrió por la culpa,

descuido, impericia y negligencia del demandante, quien pudo además evitar dicho choque.

"Tercera: Que si en el sitio, fecha y hora que se refieren en la demanda ocurrió un choque entre un automóvil Hudson, y un automóvil Packard, licencia No. 3333, y si dicho choque ocurrió por negligencia o descuido del demandado, intervino también la negligencia contributoria del demandante, y de Rafaela Santoni, siendo ésta la causa del accidente."

Trabada así la contienda fué el pleito a juicio, practicándose una larga prueba testifical, documental y pericial. El 18 de abril siguiente la corte dictó sentencia declarando con lugar la demanda y condenando al demandado a pagar al demandante $1,250, con más las costas y gastos del demandante en el pleito.

No conforme el demandado, apeló. Señala en su alegato siete errores. El primero se refiere a la excepción. El segundo a haberse basado la corte en una teoría distinta a la de la demanda. Los cuatro siguientes guardan todos relación con la apreciación de la prueba y el último se refiere a las costas.

■ Sostiene el demandado apelante que la demanda no es suficiente porque el demandante se limitó a alegar que era casado con Doña Rafaela Santoni y ello "sólo puede referirse a un estado de hechos en el momento de formularse la alegación."

Realmente la demanda hubiera sido más perfecta si hubiera alegado expresamente que el demandante era casado con Doña Rafaela Santoni en la fecha del accidente y al tiempo de interponerla, pero si se conecta el hecho primero con el segundo en que se dice que el demandante viajaba en compañía de su esposa, y con el cuarto, el quinto y el sexto, en los que se describe cómo iba la esposa y el golpe que recibiera y sus consecuencias, se verá que la alegación que se exige consta implícitamente.

■ Pero la cuestión carece por completo de importancia, ya que la prueba dejó perfectamente aclarado el extremo, sin

objeción alguna por parte del demandado. Copiamos del récord:

"P. Su esposa, ¿cómo se llama?

"R. Rafaela Santoni González.

"Demandado: La mejor prueba en cuanto al estado civil del demandante sería la partida de matrimonio.

"Juez: Si estuviera en *issue* sí.

"Demandado: Está en *issue* porque si no, no tendría causa de acción. Tiene que probar a juicio de esta parte para poder sostener la reclamación que es el esposo de la perjudicada Rafaela Santoni.

"Demandante: Para evitar discusiones innecesarias presento la partida de matrimonio de Francisco Arabía Fradera con Rafaela Santoni, librada por el Encargado del Registro Civil de Utuado, matrimonio celebrado el 12 de diciembre de 1908.

"Demandado: No hay objeción.

"Juez: Admitida. Exhibit 1 del demandante."

■ El segundo error tampoco existe a nuestro juicio. Toda la jurisprudencia que cita el apelante es buena. Si el juez hubiera fallado bajo una teoría distinta a la del demandante, alterando la causa de acción, no podría sostenerse su sentencia; pero aquí lo que parece que ocurrió fué una mera discrepancia en la exposición de los hechos declarados probados por el juez y los hechos alegados y probados por el demandante, fácilmente explicable.

Dijo el juez:

". . . entre los kilómetros 29 y 30, cerca de la salida de Vega Alta, el demandado, que venía guiando su automóvil Packard No. 3333, en la misma dirección, al querer pasar lo hizo en forma tan poco cuidadosa que la parte derecha de su carro chocó con la parte trasera izquierda del carro del demandante, lanzándolo contra la cuneta y sobre el muro de la orilla derecha de la carretera . . ." (Transcripción del Récord, páginas 11 y 12.)

Y alegó el demandante:

"Que el demandado corría su automóvil con tal descuido y negligencia que al dar alcance y pasar al demandante, hizo una rápida maniobra a la derecha y permitió que su automóvil fuera a dar con el tapabocinas de la rueda posterior derecha un fuerte golpe al tapa-

bocina de la rueda anterior izquierda del demandante, desviándolo y lanzándolo contra el muro de la orilla derecha de la carretera.'' (Transcripción del Récord, páginas 1 y 2.)

Analizando la prueba, se encuentra en ella base para sostener lo alegado en la demanda. La única diferencia que se advierte entre lo alegado y probado por el demandante y lo declarado probado por el juez, consiste en que el juez dice que la parte derecha del carro del demandado chocó con la parte trasera izquierda del carro del demandante, cuando en la demanda se alegó y hay prueba en los autos para sostener que el demandado al pasar al demandante maniobró de tal modo que con el tapabocinas de la rueda posterior derecha de su carro dió un golpe al tapabocinas de la rueda anterior izquierda del carro del demandante, desviándolo y lanzándolo contra el muro.

Se trata de un detalle. La teoría fundamental es la misma: el choque ocurrido al pasar el demandado negligentemente al demandante, chocando con él y lanzándolo contra el muro de la carretera, produciéndose como consecuencia el daño que sufriera en su cuerpo la esposa del demandante.

■ Los errores tercero, cuarto y quinto sostienen que el demandante no probó los actos específicos de negligencia que imputara al demandado, que tampoco probó que ''el demandado al pasarle al demandante tocó o chocó a éste,'' y que la corte erró al concluir que el choque se debió a la negligencia del demandado y no a la del demandante.

Si fuéramos a analizar la prueba a los efectos de exponer por escrito todo lo demostrado, tendríamos que alargar de modo extraordinario esta opinión sin beneficio alguno para la jurisprudencia.

El juez sentenciador razona bien sus conclusiones y bastará decir que con excepción del detalle a que nos referimos al examinar el segundo señalamiento de error, dichas conclusiones están sostenidas por la evidencia. El choque ocurrió en verdad por querer pasar como pasó el demandado

al demandante a gran velocidad y sin las debidas precauciones.

En aquellos extremos en que la prueba es contradictoria, el conflicto fué resuelto por la corte expresamente en favor del demandante y no se ha demostrado pasión, prejuicio o parcialidad.

■ Sostiene el apelante en su sexto señalamiento que la corte erró al apreciar la prueba fijando la indemnización en $1,250.

Para basar su conclusión de la merma sufrida por la esposa del demandante en la capacidad funcional de su brazo derecho, en perjuicio de la sociedad de gananciales, la corte se basó no sólo en la prueba pericial del demandante, sí que también en la del demandado.

Quizá en la exposición de su criterio algo omitió el juez sentenciador. Quizá la prueba no fué todo lo detallada que debiera. Es muy difícil abarcarlo todo en estos casos. También lo es el fijar la cuantía de la indemnización de modo tal que aparezca la única exacta y procedente examinada desde todos los ángulos. Dada la gravedad de la lesión recibida y el efecto permanente que dejara, no nos parece excesiva la suma fijada en este caso. El error no existe.

■ Tampoco existe el último de los errores señalados. Habida en cuenta la actitud asumida por el demandado en la defensa de su caso y los hechos probados en el juicio, su temeridad es evidente. La corte no abusó de su discreción al imponerle las costas.

*Debe confirmarse la sentencia recurrida.*