DOLORES ROMAÑAT Y ROSS, demandante y apelada, *v.* WHITE STAR BUS LINE, INC., demandada y apelante.

No. 5773.—*Sometido:* Febrero 10, 1932. *Resuelto:* Julio 29, 1932.

*J. H. Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier,
(F. Prieto Azúar y Salvador Suau, en el alegato) y Guerra Mon-
dragón & Soldevila, abogados de la apelante; M. Acosta Velarde,
abogado de la apelada.*

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El hecho prácticamente incontrovertido en este caso es
que la guagua de la demandada invadió la acera por donde
caminaba la demandante, la arrolló y le produjo lesiones.
Después de un juicio, la Corte de Distrito de San Juan dictó
sentencia contra la demandada por la suma de $7,500.

El primer señalamiento de error se refiere a la ne-
gativa de la corte a eliminar cierto particular de la demanda
relativo a la condición patológica en que se hallaba la deman-
dante. En contestación a este señalamiento de error la de-
mandante dice que la demandada no estaba en posición de
suscitarlo toda vez que al presentar su moción para eliminar
no se anotó una excepción. Una moción para eliminar está
cubierta específicamente por el artículo 213 del Código de
Enjuiciamiento Civil, eximiendo la necesidad de ciertas ex-
cepciones, como sigue: ". . . . . una providencia o decisión
dada sobre una moción controvertida. . . . ." Una moción
declarada sin lugar debe considerarse como controvertida.

Las palabras "condición patológica" pueden com-
prender multitud de cuestiones. Ellas pueden describir toda
clase de incapacidades o inhibiciones, y no estamos prepa-
rados para decir en este momento que tales alegaciones de
daños y perjuicios no sean una descripción de daños mate-
riales. Empero, considerando que de toda la evidencia la
corte estaba justificada a adjudicar indemnización, resolve-
mos que de haber habido cualquier error éste no fué perju-
dicial. El artículo 142 del Código de Enjuiciamiento Civil
es aplicable.

[3] En el alegato de la demandada, radicado en la corte
inferior y en apelación, se sostiene que su actuación fué una
realizada en emergencia. En la época en que ocurrió este

accidente los automóviles entraban a la ciudad de San Juan por la calle Allen. Hay varias calles transversales cortas a la entrada de la ciudad y cuando la guagua de la demandada llegó al sitio que está entre la calle O'Donell y el callejón de Gámbaro, había varios automóviles o camiones situados a la derecha de la calle Allen, al lado norte. Es evidente que en ningún momento el "chauffeur" de la guagua se dió cuenta de si había o no gente caminando por la acera. Su teoría y la teoría de la demandada fué que un autocamión al lado derecho de la calle hizo un movimiento súbito hacia la izquierda que obligó a la guagua de la demandada igualmente a moverse más hacia la izquierda y a invadir así la acera con la caja de la guagua.

La contestación de la demandada era insuficiente o no fué una relación franca de la defensa de actos realizados en emergencia. Lo que más se asemejaba a tal alegación era que el accidente fué casual; en otras palabras, inevitable. Dudamos que el caso fuera realmente juzgado sobre la cuestión de actos realizados en emergencia hasta que la demandada presentó su alegato en la corte inferior. No estamos preparados para manifestar, sin embargo, que un demandado no pueda confiar en tal defensa a pesar de haberla dejado de alegar en su contestación.

■ La declaración del "chauffeur" del vehículo revela que una de sus principales ideas fué continuar en movimiento. El declaró que después de ocurrido el accidente no pudo detenerse por espacio de una cuadra más o menos porque las reglas del tráfico se lo prohibían. El venía por la calle Allen con la misma idea de que debía continuar en movimiento. Se admite prácticamente que si bien no marchaba a mucha velocidad, tampoco iba despacio. La contestación de la demandada se fundó en actos de negligencia contribuyente y en la naturaleza fortuita del accidente. La contestación aun negó que la caja de la guagua hubiese penetrado en la acera, cuando es evidente que si el "chauffeur"

hubiera sido examinado por sus jefes la demandada debía haber sabido que la guagua en realidad penetró en la acera y arrolló a la demandante. En varios casos hemos considerado una demanda o una contestación como enmendada para ajustarla a la evidencia, generalmente para confirmar la sentencia de la corte inferior. Podríamos ir más lejos y ayudar a un demandado cuando su defensa se basaba claramente en un acto realizado en emergencia. Inferimos que la idea de un acto realizado en emergencia fué algo que se le ocurrió a la demandada posteriormente.

■ La Corte de Distrito de San Juan no creyó que hubiese ningún acto realizado en emergencia. No citaremos todo el razonamiento de la corte. Parte del mismo fué que la guagua de la demandada al tratar de echarse bien hacia la izquierda pudo solamente penetrar en la acera si el vehículo corría pegado a la acera y paralelamente a la misma; que al caminar en forma paralela debió haber tomado un tiempo apreciable y que ello no pudo haber sido realizado repentinamente. La demandada y apelante arguye que todas estas cosas pudieron haber sucedido rápidamente a pesar de la conclusión de la corte, y existe esta posibilidad, pero el juez que oyó la prueba estaba en perfecta posición para llegar a la conclusión de si el acto fué realizado o no en emergencia.

Según nos consta, y conforme se desprende de la prueba, la calle Allen es muy estrecha, con espacio suficiente para poco más de dos vehículos. Por tanto, cuando una guagua entra a la ciudad y ve que hay vehículos estacionados a la derecha el ''chauffeur'' está obligado a fijar la atención en ellos. Debió darse cuenta, al igual que todo el mundo, de que cualquier carro así estacionado podía dar marcha repentinamente. Por consiguiente, debió regular su velocidad en forma tal que anticipara esta posibilidad. Estamos muy lejos de decir que no podría surgir una emergencia en la cual un ''chauffeur'' no pudiera anticipar tal cosa, pero esa si-

tuación no surge de los hechos de este caso. Los viandantes tienen derecho a caminar por las aceras y a considerar que están seguros, conforme resolvió la corte. Si lo que el empleado de la demandada hizo pudiera considerarse como un acto en emergencia entonces los peatones tendrían que estar eternamente a la expectativa. Entonces sería cuestión a debatir si se debería permitir que las guaguas entraran por las calles estrechas de San Juan. Una corporación de servicio público debe conducirse de acuerdo con la verdadera situación de las personas que caminan por las aceras.

■ Según hemos resuelto en varios casos el hecho de permitir que el cuerpo de un automóvil penetre en la acera es un caso prima facie de negligencia. *Rivera* v. *Currá*, 33 D.P.R. 964; *De Gracia* v. *Guardiola*, 37 D.P.R. 833.

■ ■ Uno de los médicos que asistió a la demandante fué examinado extensamente respecto a las lesiones. Varios médicos habían examinado a la demandante siendo uno de ellos el Dr. Manuel Díaz García. Éste fué llamado como testigo de la demandada y la demandante se opuso a que él relatara parte alguna del caso de ella y por qué se le llamó. La corte sostuvo la objeción y la demandada se anotó una excepción. Esta excepción fué objeto del tercer señalamiento de error.

En primer lugar convenimos con la demandante en que la demandada no hizo constar claramente mediante una oferta específica lo que intentaba probar con dicho testigo. 8 Bancroft Code Practice and Remedies, pág. 8497, sección 6448; id., págs. 8813, 8814 y 8815, sección 6647. Por tanto, la resolución de la corte puede ser sostenida por este fundamento.

No hallamos renuncia alguna del privilegio de la demandante en relación con el Dr. Díaz García en el hecho de que ella llamara otro médico que la asistió para que declarara en su favor. Desde luego, si el otro médico estaba presente en el momento en que el médico llamado por la demandante hacía su tratamiento, la ley usualmente considera que el pri-

vilegio ha sido renunciado. Jones Commentaries on Evidence, (2ª ed.), sección 2196, pág. 3188; *Jones* v. *City of Caldwell,* 116 Pac. 110; 28 R.C.L. 547, sección 137.

El Dr. Díaz García pudo ser llamado debido a las dudas o a los temores de la paciente, pero cualesquiera que fuesen sus motivos, el privilegio era de ella, y la ley lo protege.

■ La demandante también apeló, insistiendo en que la concesión de una indemnización de $7,500 no era suficiente. Por otra parte, la demandada sostiene que el resarcimiento decretado era excesivo. La demandante alegó y trató de probar que ella había incurrido en gastos de hospital y tratamiento médico ascendentes a $3,472.26. Hemos examinado la evidencia. Se trata de un accidente que puede calificarse de extraordinario, porque la demandante no sufrió absolutamente ninguna lesión externa de carácter permanente. Lo que tendió a demostrar el testimonio de sus peritos fué que un estado tuberculoso o casi tuberculoso se le desarrolló, y que quizá hubo otras secuelas del accidente. También sostuvo la demandante que puede que tenga que incurrir en otros y futuros gastos de tratamiento. No estamos convencidos, como cuestión de hecho o de derecho, que las condiciones en que se encuentra la demandante provinieran exclusivamente del accidente, o que por las mismas deba condenarse a la demandada a satisfacer una indemnización considerable. Los gastos de hospital y tratamiento médico los hallamos enteramente excesivos. Están sujetos a las mismas dudas que la medida de los daños del accidente en sí. Asimismo, dada la capacidad adquisitiva de la demandante, no creemos que los gastos de tratamiento médico y hospital debieran haber resultado tan crecidos como se alegó que fueron.

Si bien en varios casos hemos tratado de analizar la evidencia para justificar una revocación, sin embargo, frecuentemente nos hallamos en una posición similar a la de la corte de distrito, y la determinación de la cuantía de los daños es materia de conjetura y discreción. Puede que no hayamos

analizado cabalmente todos los motivos para una modificación de la cantidad concedida o para la que hemos estimado, pero creemos que la demandante debe limitarse a un resarcimiento de $4.000.

Bajo las circunstancias reseñadas, no hallamos que se cometiera error al imponerse las costas.

*La sentencia apelada debe modificarse de conformidad, y, así modificada, se confirma.*

Los Jueces Presidente Señor del Toro y Asociado Señor Córdova Dávila no intervinieron.