PROVIDENCIA SANTANA, demandante y apelada, *v.* PRENSA INSULAR, INC., y HARTFORD ACCIDENT & INDEMNITY COMPANY, demandadas y apelantes.

Núm. 9487. *Sometido:* Noviembre 14, 1947. *Resuelto:* Enero 13, 1948.

*James R. Beverley, José López Baralt* y *R. Rodríguez Lebrón,* abogados de las apelantes; *Cayetano Coll Cuchí* y *Víctor A. Coll,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitio ia opinion del tribunal.

Providencia Santana instó demanda de daños y perjuicios contra Prensa Insular, Inc., y su aseguradora, Hartford Accident & Indemnity Company. Celebrado el juicio en sus méritos, la corte inferior dictó sentencia condenando a las demandadas a pagar a la demandante la suma de $1,500, más las costas y $250 para honorarios de abogado.

Según la prueba de la demandante, el día 30 de noviembre de 1945, como a las 10 de la noche, ella se encontraba de pie en el borde de la acera sur de la Avenida Fernández Juncos, Parada 14½, Santurce. Ella era lavandera y por las noches se dedicaba a vender el periódico "El Imparcial". Al ocurrir el accidente había en aquel sitio 4 ó más personas, la mayoría de ellas muchachos, que esperaban la llegada del vehículo que les entregaría el periódico. La demandante vió que el camión que ocasionó el accidente corría a bastante velocidad cuando venía por la Parada 12. En ese momento el vehículo marchaba algo despegado del encintado de la acera y de acuerdo con la experiencia tenida durante meses por la demandante los chóferes de las guaguas que repartían el periódico tenían por costumbre detener éstas como a 4 pies 7 pulgadas de la acera. Al llegar al sitio en que se hallaba la demandante el camión se acercó tanto al borde de la acera donde ella estaba que la rueda anterior

derecha del mismo rozó con el encintado, dejó sus huellas allí, y la caja, que sobresalía más allá de las ruedas, lanzó a la demandante al pavimento y le produjo ciertas lesiones en la región ilíaca y en la pierna izquierda, a consecuencia de las cuales la demandante sufrió intensos dolores, tuvo la pierna enyesada por espacio de un mes y se ha visto por algún tiempo privada de ganarse el sustento diario.

La prueba de las demandadas fué al efecto de que al ver que se aproximaba al camión que traía los periódicos, la demandante echó a correr y tropezó con un gancho que había en la acera; que ese tropezón la hizo caer en el preciso momento en que pasaba el vehículo; y que el chófer de éste no vió a la demandante hasta después de ocurrir el accidente.

La corte inferior no dió crédito a la prueba de las demandadas, pero al apreciar la de la demandante creyó que ésta había sido negligente, ya que, en su opinión, al ver que se aproximaba el vehículo de las demandadas ella debió dar uno o más pasos hacia atrás, y al no hacerlo así había contribuído al accidente. No obstante, según se ha indicado, dictó sentencia a favor de la demandante, aplicando la que calificó de doctrina de "inmovilidad ante acontecimiento súbito".

En numerosas ocasiones hemos dicho que de ser correcta una sentencia la misma será sostenida aunque los razonamientos aducidos en la opinión dictada en apoyo de ella sean erróneos. Véase *Latorre* v. *Cruz Texidor,* 67 D.P.R. 743 y casos citados en el penúltimo párrafo de la opinión.

A nuestro juicio, la conclusión final a que llegó la corte de distrito es correcta. Empero, una cuidadosa lectura de la transcripción no nos convence de que la demandante incurriera en negligencia contribuyente. La prueba revela, como hemos dicho, que la demandante estaba parada en el borde de la acera, en un sitio donde tenía derecho a estar; que ella no vió el camión en el momento preciso en que se acercaba a velocidad al lugar donde se hallaba; que era cos-

tumbre de los chóferes de los vehículos en los cuales se repartía el periódico El Imparcial detener éstos a varios pies de distancia del encintado de la acera; y que no obstante haber en aquel sitio no menos de 40 personas, el conductor del camión no tocó bocina, no vió a la demandante al ocurrir el accidente e invadió la acera con parte de la caja del vehículo. La negligencia del chófer fué clara. Bajo semejantes circunstancias no vemos que la demandante estuviera en la obligación—especialmente no habiendo visto el camión en el momento del accidente—de dar varios pasos hacia atrás para evitar ser lesionada. Véanse *Romañat* v. *White Star Bus Line Inc.*, 43 D.P.R. 939, 944 y *De Gracia* v. *Guardiola*, 37 D.P.R. 833, 843, así como *García* v. *Fernández*, 52 D.P.R. 183; *Hernández* v. *Alvarado*, 41 D.P.R. 88 y *Rivera* v. *Currá*, 33 D.P.R. 964.

◼ Consideradas las lesiones recibidas por la demandante y los dolores físicos por ella sufridos con motivo del accidente, una indemnización de $1,500 no resulta excesiva. *García* v. *Fernández*, supra, y *Arabía* v. *Lago*, 41 D.P.R. 586.

◼ Por otra parte, ante un caso claro de negligencia como el presente la corte de distrito estuvo justificada en imponer los honorarios de abogado a las demandadas. Hubo temeridad por parte de éstas. Ley 94 de 11 de mayo de 1937 (pág. 239) y *Arabía* v. *Lago*, supra.

*No habiéndose cometido los errores señalados, debe confirmarse la sentencia apelada.*