JOAQUÍN GALLART MENDÍA, ETC., EX REL., MERCEDES GONZÁLEZ PAGÁN, representada por su esposo SÉRBULO ORTIZ LÓPEZ, demandantes y recurridos, *v.* ISMAEL GONZÁLEZ MARRERO, AUTORAMA DE PONCE, INC., demandados y recurrente la segunda.

*Número:* R-64-237 *Resuelto:* 30 de junio de 1967

*Carlos A. Chavier Stevenson,* abogado de la recurrente; *Andrés Santiago Borges, Héctor Rivera Báez* e *Inez Acevedo de Campos,* abogados de Mercedes Pagán y su esposo Sérbulo Ortiz López, recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En un accidente automovilístico ocurrido al chocar un vehículo del Servicio de Bomberos con un automóvil de la demandada, perdió la vida el bombero Sigfredo Ortiz González de 28 años de edad, quien al tiempo del accidente se encontraba en el ejercicio de las funciones de su trabajo. Las circunstancias en que ocurrió el accidente llevaron al juez sentenciador a la conclusión de que el mismo ocurrió debido a la negligencia o impericia del conductor del vehículo de la demandada. Dicha conclusión está sostenida por el récord y no la alteraremos.

El Fondo del Seguro del Estado, luego de la correspondiente investigación, emitió en 1ro. de noviembre de 1962 una decisión declarando a Mercedes González Pagán, madre del finado, única beneficiaria del empleado fallecido y le concedió una indemnización de $6,250.00, que posteriormente, mediante resolución de 12 de agosto de 1963, aumentó a $9,000.00, pagadera a razón de $75.00 mensuales.

En 19 de febrero de 1963 el Administrador del Fondo del Seguro del Estado radicó una acción contra los demandados en el Tribunal Superior, Sala de San Juan, subrogándose en los derechos de la beneficiaria reclamando el monto equivalente a la compensación que debía pagar por la muerte del obrero más los gastos médicos por servicios prestados al mismo, y reclamando además $50,000.00 para la madre del obrero, la mencionada Mercedes González Pagán. Después de emitir en agosto 12 de 1963 la resolución enmendada que aumentó a $9,000.00 los beneficios por muerte de la beneficiaria Mercedes González Pagán, el Fondo presentó una demanda enmendada en 16 de agosto de ese año subrogándose en la compensación concedida y formulando una reclamación esta vez para beneficio de la sociedad de gananciales de la cual la señora González forma parte.

En 21 de febrero de 1963 Sérbulo Ortiz, padre del obrero fallecido, como representante de la sociedad legal de gananciales constituida entre él y su esposa, Mercedes González Pagán, y varios hermanos del finado, presentaron la acción Núm. CS-63-527 en el Tribunal Superior, Sala de Ponce, reclamando indemnización por la muerte del hijo y hermano, respectivamente, de los demandantes. Posteriormente el pleito iniciado por el Administrador del Fondo (Civil 63-637) fue trasladado de la Sala de San Juan a la Sala de Ponce del Tribunal Superior y consolidado con el caso CS-63-527 presentado por Sérbulo Ortiz.

El 13 de agosto de 1963 la parte demandada formuló moción para desestimar la demanda original del Fondo y el Tribunal pospuso su resolución para cuando se resolviese el caso en sus méritos.

El Tribunal Superior declaró con lugar ambas demandas y condenó a los demandados a pagar solidariamente al Fondo las cantidades que éste había pagado a Mercedes González Pagán, más $420.75 por gastos médicos y a pagar a Mercedes González Pagán la diferencia hasta $9,000.00 que ella

no había llegado a recibir del Fondo. En el segundo caso (que fue el presentado por Sérbulo Ortiz a nombre de la sociedad legal de gananciales y por los hermanos del finado) se condenó a los demandados a pagar solidariamente $25,000.00 a la sociedad legal de gananciales y $1,000.00 a cada uno de los tres hermanos del obrero fallecido.

En su solicitud de revisión los demandados-recurrentes señalan la comisión de ocho errores.

Primer error: Los recurrentes imputan error al tribunal de instancia al éste negarse a desestimar la demanda presentada por el padre y los hermanos del obrero fallecido, por haber sido dicha demanda presentada antes de haber transcurrido el término de 90 días que le concede la ley al Fondo del Seguro del Estado para subrogarse en los derechos del obrero lesionado o de sus beneficiarios.[1] Citan en apoyo de su contención lo resuelto por nosotros en *Negrón* v. *Comisión Industrial*, 76 D.P.R. 301 (1954).

La aludida ley dispone, en lo pertinente, que ni el obrero lesionado ni sus beneficiarios podrán presentar la acción que tuvieren contra el tercero responsable de los daños hasta después de transcurridos 90 días a partir de la fecha en que la resolución del Administrador del Fondo del Seguro del Estado fuere firme y ejecutoria. 11 L.P.R.A. sec. 32.

*Prima facie* el error señalado parece tener validez. En este caso la decisión del Administrador no fue apelada, de manera que los 90 días que tenía el Administrador para iniciar la acción contra el tercero responsable del daño comenzaron a correr luego de haber transcurrido 30 días de haber sido notificada con copia de la decisión del Administrador la beneficiaria del obrero, según lo dispone la ley. 11 L.P.R.A. secs. 11 y 32. La demanda de Sérbulo Ortiz y sus hijos contra el tercero responsable fue presentada el 21 de febrero de

---

[1] La ley aludida es la Ley de Compensación por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, y el artículo aquí pertinente es el Art. 31 de dicha ley; 11 L.P.R.A. sec. 32.

1963, solamente a los 83 días después de ser firme y ejecutoria la decisión del Administrador. A base de meramente estos datos se llegaría a la conclusión de que la demanda es prematura.

Sin embargo, si examinamos el asunto más detenidamente llegamos a la conclusión de que eso no es necesariamente así. La ley da 90 días al Administrador para demandar cuando éste se subroga en los derechos del obrero. Si el Administrador tiene éxito recobrará aquella suma que el Fondo haya pagado y el remanente irá al beneficiario o beneficiarios del obrero fallecido. Durante estos 90 días los beneficiarios no pueden demandar. Si el Administrador no hiciese uso de su facultad de demandar dentro de esos 90 días entonces los beneficiarios quedan libres para ellos demandar por su cuenta. Como puede verse, el mecanismo protege al Fondo al hacer posible que éste recobre lo pagado y a la vez protege a los obreros lesionados o a sus beneficiarios porque si el Administrador no demanda, aquéllos siempre podrán demandar pasados los mencionados 90 días.

El problema realmente se contrae a determinar cuáles son esos beneficiarios de que habla la ley. Naturalmente, cuando es el obrero lesionado quien demanda no surge este problema de identificación. Pero cuando, como en este caso, el obrero fallece, es necesario determinar a qué beneficiarios es que se refiere la ley.

Generalmente en los seguros de vida el beneficiario es designado por el asegurado. 26 L.P.R.A. sec. 1515; Vance, *Insurance*, 3ra. ed., pág. 656. No obstante, éste no es el procedimiento seguido por la Ley de Compensaciones por Accidentes del Trabajo. Esta ley es una de carácter especial y tiene por objeto proteger al obrero y a las personas que real y efectivamente dependan de él económicamente. Ese régimen es especial y distinto al derecho sucesoral general que contiene el Código Civil. Como se ha dicho antes, ésta es una ley de dependencia y no de herencia. *Cepeda* v. *Comisión*

*Industrial,* 76 D.P.R. 801, 806-807 (1954); *De Jesús* v. *Osorio,* 65 D.P.R. 640, 643 (1946); *Montaner* v. *Comisión Industrial,* 58 D.P.R. 267, 273 (1941); *Rodríguez* v. *Comisión Industrial,* 58 D.P.R. 111, 114 (1941). Como se sabe, en virtud de esto en caso de muerte de un obrero protegido por la ley, los beneficios económicos correspondientes no pasan automáticamente a determinadas personas por el mero hecho de ser éstas técnicamente sus herederos de acuerdo con las disposiciones del Código Civil. Por el contrario, la propia ley dispone cómo serán distribuidos por el Administrador del Fondo dichos beneficios. 11 L.P.R.A. sec. 3, apartado 5, inciso (3).

Como a tenor con la filosofía que informa esta ley, la dependencia económica es el factor básico para determinar si una persona tiene derecho a compensación como beneficiario, difícilmente tal carácter puede atribuirse a nadie de antemano. Más bien parece necesario que tal determinación se haga en vista de las circunstancias de dependencia económica existente en la familia del obrero al momento de su muerte. Usamos la palabra familia, desde luego, en un sentido muy lato y consistente con la letra y el espíritu de la ley y especialmente de su Art. 3, antes citado.(²) La ley asigna al Administrador del Fondo la función de determinar quiénes han de ser los beneficiarios.

▪ Como en este caso el Administrador determinó que la única beneficiaria era la madre del obrero fallecido, era ésta la única impedida de iniciar una acción contra los terceros responsables del daño antes de los 90 días que señala la ley, plazo que está reservado para que el Administrador presente su demanda. Ni para la sociedad de gananciales, si se interpreta restrictivamente el alcance del término beneficiario, ni para los hermanos del obrero fallecido rige la

---

(²) Por ejemplo, de acuerdo con la ley un hermano de crianza y una concubina pueden ser beneficiarios si concurre la circunstancia de dependencia económica que requiere la ley. 11 L.P.R.A. sec. 3 (5) (2) y (3).

limitación de los 90 días antes mencionada. Dicha sociedad, en el caso indicado, y los hermanos podían demandar en cualquier momento dentro del año de ocurrido el accidente. [2-a] De forma que no importa cómo se considere la situación, el error, de haberse cometido, es intrascendente porque la sociedad estuvo oportunamente ante el Tribunal, bien mediante la demanda enmendada del Fondo o bien mediante la acción independiente que presentó Sérbulo Ortiz.

Lo que aquí resolvemos no está en conflicto con lo que resolvimos en *Negrón* v. *Comisión Industrial*, supra. Allí la acción presentada por la viuda del obrero fue considerada prematura pues la viuda fue declarada beneficiaria por el Administrador del Fondo y por lo tanto, por las razones que hemos expresado anteriormente, a ella le era aplicable el plazo de espera de los 90 días que dispone la ley.

Abundando en lo antes dicho, nótese que en el citado caso de *Negrón* v. *Comisión Industrial*, supra, aunque había otros demandantes además de la viuda—y precisamente por ello— el Tribunal tuvo el cuidado de expresarse, a la pág. 306, como sigue:

"De acuerdo con las disposiciones del artículo transcrito, según enmendado por la citada ley número 16 de 12 de abril de 1948, *la aquí recurrente* no podía radicar demanda alguna contra la tercera persona responsable de los daños hasta después de transcurridos noventa días a partir de la resolución del caso por el Administrador del Fondo del Seguro del Estado y antes de vencerse el año subsiguiente a tal resolución. La demanda presentada en el Tribunal de Mayagüez fue prematura e ineficaz en derecho, *en lo que se refería a la aquí recurrente.* De acuerdo con el propio artículo 31, fue nula la transacción formalizada el 16 de junio de 1952, *con respecto a la recurrente* y carecía de efecto legal el pago de ochocientos dólares a la recurrente." (Énfasis nuestro.)

---

[2-a] Ante esta situación en que algunas partes puedan presentar su acción inmediatamente y otras tendrían que esperar hasta que recayera

 Segundo error: Se señala como segundo error que el tribunal erró al no desestimar la demanda presentada en el caso Civil 63-1599 por el Administrador del Fondo del Seguro del Estado por haberse éste subrogado solamente en los derechos de la madre del obrero fallecido cuando debió haberse subrogado en los derechos de la sociedad de gananciales, ya que Mercedes González Pagán era casada y la acción por la muerte del hijo pertenecía a la sociedad de gananciales compuesta por el padre y la madre del obrero fallecido. Es cierto que de acuerdo con el presente estado de derecho la acción por la muerte del hijo era ganancial, (³) pero como hemos visto al radicar la demanda enmendada el Fondo se subrogó en los derechos de la sociedad y para beneficio de ésta demandó.

Tercer error: Se señala que el Tribunal erró al permitir al Administrador del Fondo presentar una demanda enmendada para incluir al esposo. Debido a las conclusiones a que hemos llegado en relación a los errores primero y segundo éste se torna académico y es innecesario discutirlo. (⁴)

---

la resolución final del Fondo o de la Comisión Industrial, se recomienda acción legislativa para evitar los perjuicios que ello podría ocasionar en esto último en el cobro de una sentencia favorable.

(³) *Gallart, Admor.* v. *Banco Popular,* 91 D.P.R. 818 (1965); *Gearheart* v. *Haskell,* 87 D.P.R. 57 (1963); *Vega* v. *Cía. Popular de Transporte,* 72 D.P.R. 525 (1951); *Echevarría* v. *Despiau,* 72 D.P.R. 472 (1951); *Muriel* v. *Suazo,* 72 D.P.R. 370 (1951); *Meléndez* v. *Iturrondo,* 71 D.P.R. 60 (1950); *Serra* v. *Autoridad de Transporte,* 68 D.P.R. 626 (1948); *Serrano* v. *González,* 68 D.P.R. 623 (1948); *Torres* v. *Fernández,* 56 D.P.R. 482 (1940); *González* v. *White Star Bus Line,* 53 D.P.R. 345 (1938); *Parrilla* v. *Loíza Sugar Co.,* 52 D.P.R. 241 (1937); *Flit* v. *White Star Bus Line, Inc.,* 49 D.P.R. 144 (1935); *Clos* v. *García,* 43 D.P.R. 1042 (1932); *Arabía* v. *Lago,* 41 D.P.R. 586 (1930); *Irizarry* v. *Díaz Ojea,* 35 D.P.R. 144 (1926); *Vázquez* v. *Porto Rico Ry. L. & P.,* 35 D.P.R. 62 (1926); *Vázquez* v. *Valdés,* 28 D.P.R. 467 (1920).

(⁴) No vamos a extendernos en este caso en la discusión de la naturaleza ganancial o privativa de las compensaciones por daños y perjuicios porque próximamente el Tribunal tendrá ocasión de rexaminar este asunto. Como aquí se trata de la compensación a pagarse por la muerte de un hijo cuyos padres estaban vivos a la fecha de su fallecimiento y

■ Cuarto error: Se señala como error el no haberse desestimado la demanda del Fondo del Seguro del Estado porque el Administrador no notificó por escrito a la beneficiaria que había iniciado una acción subrogándose en sus derechos dentro de los cinco días de iniciada dicha acción. Esa omisión por parte del Administrador no tiene el alcance que pretenden darle los demandados. La ley le impone ese deber al Administrador, 11 L.P.R.A. sec. 32, pero no explica la razón para ello. Obviamente es para que los beneficiarios estén enterados de que el Administrador ha presentado su demanda. No hay razón jurídica ni moral alguna para que esa omisión derrote los derechos de los beneficiarios o del Fondo. No se cometió el error señalado.

Errores quinto, sexto y séptimo: Estos errores consisten en impugnaciones a la apreciación que de la prueba hizo el tribunal sentenciador y como señalamos antes sus conclusiones están ampliamente respaldadas por el récord y no hemos de alterarlas. No se cometieron dichos errores.

Octavo error: Se impugna por creerse excesiva la concesión de $1,500.00 por concepto de honorarios de abogado. Entendemos que tampoco se cometió este error.

*Por los fundamentos expresados en esta opinión, se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Ponce.*

---

los cuales tenían constituida entre sí una sociedad de gananciales, no vemos razón alguna para dudar la naturaleza ganancial de dicha compensación.