JOSÉ M. ALONSO GARCÍA, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; JUAN DE DIOS MORALES ET AL., interventores.

*Número:* O-74-232      *Resuelto:* 31 de octubre de 1974

*Jorge Márquez Gómez, Miguel A. Guzmán Soto* y *Francisco Falú Lebrón,* abogados del recurrente; *Juan I. Pérez Juarbe,* abogado de los beneficiarios de Juan de Dios Morales.

PER CURIAM: El Administrador del Fondo del Seguro del Estado recurre contra una decisión de la Comisión Industrial que determinó que una hermana del obrero Juan de Dios Morales Rivera, (1) fallecido como consecuencia de un accidente del trabajo, tiene derecho a ser compensada bajo la Ley de Compensaciones por Accidentes del Trabajo como heredera del obrero, aunque no dependiera de él para su subsistencia. El obrero no tenía dependientes. La Comisión entendió que al no dejar dependientes, los beneficios por muerte del obrero corresponden a sus herederos, en este caso la hermana. Incidió.

En *Gallart Mendía* v. *González Marrero,* 95 D.P.R. 201, 206 (1967), dijimos, refiriéndonos a la Ley de Compensaciones por Accidentes del Trabajo, lo siguiente: "Esta ley es una de carácter especial y tiene por objeto proteger al obrero y a las personas que real y efectivamente dependan de él económicamente. Este régimen es especial y distinto al derecho sucesoral general que contiene el Código Civil. Como se ha dicho antes, ésta es una ley de dependencia y no de herencia."

El Art. 3 de dicha ley, 11 L.P.R.A. sec. 3, señala en su inciso 5 (1) que si un obrero muere como resultado de un accidente del trabajo ". . . sin que el obrero o empleado dejare pariente alguno que de él dependiera para su subsisten-

---

(1) La decisión recurrida cubre los siguientes casos cuyas circunstancias factuales son comunes a la cuestión planteada: C.I. T-4057, Angel Miranda Ayala, obrero occiso [*sic*]; C.I. S-1192, Josefina Nazario de Garcés, obrera occisa [*sic*]; C.I. 72-4-2971, Juan de Dios Morales Rivera, obrero occiso [*sic*]; C.I. 70-11-8641, Justino Figueroa Rivera, obrero occiso [*sic*]; C.I. 70-2-1421, Amalio Beltrán Rosario, obrero occiso [*sic*]; C.I. 72-10-8293, Ramón Viera Figueroa, obrero occiso [*sic*]. La presente opinión y la sentencia que se dicte aplican a todos dichos casos. Se hace la aclaración de que no aparece de los autos ante nos que los obreros a que se refieren dichos casos murieran violentamente. De ahí el [*sic*] a sus calificaciones como *occisos* en la petición de revisión.

cia, el desembolso con motivo de esta muerte se limitará al pago de los gastos del funeral y tales gastos no serán mayores de la suma de trescientos ($300) dólares, en adición a aquellos otros gastos de asistencia médica, hospitalización y medicinas en que se hubiere incurrido por orden del Administrador del Fondo del Seguro del Estado. . . ." El Art. 15, 11 L.P.R.A. sec. 16, crea un "Fondo para Casos de Patronos no Asegurados" que se nutre de, entre otras fuentes, "una aportación equivalente a dos mil ($2,000) dólares por cada caso de muerte en que no se haya adjudicado compensación por ausencia de dependencia legal." Resulta claro de estas disposiciones que el hecho de que un obrero muera bajo circunstancias que hagan compensable su muerte bajo la Ley no implica que tengan que concederse beneficios por su muerte a alguien. Los herederos del obrero no son necesariamente beneficiarios suyos bajo la Ley de Compensaciones por Accidentes del Trabajo. Si no dependían del obrero para su subsistencia no hay nada que compensarles bajo dicha Ley.

■ La Comisión Industrial distingue este caso del de *González Marrero*, supra, a base de que en *González Marrero* el obrero fallecido dejó herederos que no dependían de él—sus padres—y al mismo tiempo le sobrevivió su esposa que sí era su beneficiaria bajo la Ley. Tal distinción en los hechos en nada altera el principio enunciado en *González Marrero*. Los herederos de un obrero, concurran o no con otras personas que fueran sus dependientes, no tienen derecho a compensación si no eran también dependientes suyos.

Mediante resolución de 26 de junio de 1974 concedimos a la parte recurrida un término de treinta días para mostrar causa por la que no debíamos expedir el auto de revisión solicitado por el Administrador y una vez expedido revocar la resolución objeto de este recurso. La parte recurrida no ha respondido a dicho requerimiento. Presumimos que descansa en los fundamentos consignados por la Comisión Industrial en su resolución de 5 de noviembre de 1973 y en su posterior resolu-

ción de 30 de abril de 1974 negándose a reconsiderar. Hemos considerado detenidamente sus razonamientos y no nos convencen. No podemos ir contra las claras directrices de la Ley.*

■ En la misma resolución de 26 de junio de 1974 requerimos de la parte recurrente que diera cumplimiento a la Regla 22 del Reglamento de este Tribunal sustituyendo los documentos escritos a un solo espacio y por ambos lados del papel que acompañó a su petición por otros que cumplieran con la Regla en su inciso (a).(²) Nuestra resolución fue notificada a todas las partes. El recurrente prontamente cumplió con nuestro requerimiento. Debemos censurar, no obstante, que los abogados de la parte interventora, licenciados Juan I. Pérez Juarbe y Gilberto Davis Vázquez, hayan desatendido la advertencia implícita en dicha resolución y las claras disposiciones de la Regla 22(a). Luego de nuestra resolución de 26 de junio de 1974 han presentado varios escritos—uno en oposición al auto de revisión y uno titulado "Moción Informativa"—que no cumplen con los requisitos de dicha Regla.

■ Más censurable aún, dichos abogados aseveraron en su oposición a la expedición del auto de revisión que la Comisión Industrial no celebró vista no obstante su solicitud al efecto. La Comisión ha respondido señalando que tales aseveraciones son falsas y acompañando una transcripción de las notas taquigráficas de la vista celebrada. La moción informativa ofrece excusas por la falta. Aceptamos las explicaciones pero ellas no excusan su incumplimiento de la obligación de todo abogado de asegurarse de que sus expresiones responden a la verdad. Ello es esencial al decoro y a la honestidad profesional.

---

*NOTA DEL COMPILADOR: Este párrafo fue enmendado por Resolución del Tribunal de 6 de diciembre de 1974.

(²)Dicho inciso dispone como sigue:

"(a) Los alegatos, alegaciones, informes, autos y otros documentos escritos que se presenten a este Tribunal, deberán estar claramente escritos a máquina en un solo lado del papel, tamaño legal, a dos espacios, y no se coserán con alambres."

*Se expedirá el auto de revisión solicitado y se dictará sentencia revocando la decisión de la Comisión Industrial de 5 de noviembre de 1973.*